In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-436 CR


____________________



RODERICK T. PRUDHOMME, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause No. 89987






 MEMORANDUM OPINION 


 Roderick T. Prudhomme entered a plea of no contest to aggravated sexual assault, a
first degree felony. See Tex. Pen. Code Ann. § 12.32(a) (Vernon 2003); Tex. Pen. Code
Ann. § 22.021 (Vernon Supp. 2006). The trial court deferred adjudication of guilt and
placed Prudhomme on community supervision for eight years. After finding Prudhomme
violated his probation terms, the trial court adjudicated him guilty and sentenced him to
twenty years in prison. 

 Prudhomme's appellate counsel filed an Anders (1) brief. Counsel's brief meets the
Anders requirements by presenting a professional evaluation of the record to demonstrate
why there are no arguable grounds to be advanced. See High v. State, 573 S.W.2d 807, 813
(Tex. Crim. App. 1978). Counsel provided Prudhomme with a copy of the brief. 
Prudhomme then filed a pro se brief. Finding no arguable error, we affirm.

 Prudhomme raises three appellate issues. First, he asserts that he was denied due
process because he was not allowed to present mitigating testimony at his sentencing hearing. 
Second, he complains that his trial counsel provided ineffective assistance of counsel at the
sentencing hearing. Last, he argues that his sentence is excessive and disproportionate to the
gravity of the offense and to other similar cases. 

 The Court of Criminal Appeals directs that we not address the merits of issues raised
in Anders briefs or pro se responses. Bledsoe v. State, 178 S.W.3d 824, 826-27 (Tex. Crim.
App. 2005). Rather, an appellate court may determine either: (1) "that the appeal is wholly
frivolous and issue an opinion explaining that it has reviewed the record and finds no
reversible error"[;] or (2) "that arguable grounds for appeal exist and remand the cause to the
trial court so that new counsel may be appointed to brief the issues." Id. 

 We have independently examined the clerk's record, the reporter's record, counsel's
brief, and appellant's pro se brief. We find no reversible error in the record. (2) We agree with
appellate counsel that the appeal is wholly frivolous and without merit. Appointment of new
counsel is not required. Compare Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App.
1991). Prudhomme is free to file a petition for discretionary review raising error by this
Court in the instant appeal. See Bledsoe, 178 S.W.3d at 827. We affirm the trial court's
judgment.

 AFFIRMED.

 

 ____________________________

 HOLLIS HORTON

 Justice


Submitted on April 12, 2007

Opinion Delivered May 23, 2007

Do Not Publish


Before McKeithen, C.J., Gaultney and Horton, JJ.
1. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
2. Relief in appropriate cases for claims of ineffective assistance of counsel is generally
available through an application for writ of habeas corpus. See Thompson v. State, 9 S.W.3d
808, 814-15 (Tex. Crim. App. 1999).